IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

REGINALD BURRELL, AIS # 210704,  :

    Plaintiff,    :

vs.    :    CIVIL ACTION NO. 20-00108-JB-N

KATRINA BROWN, *Warden I*, et al.,  :

    Defendants.    :

### REPORT AND RECOMMENDATION

Plaintiff Reginald Burrell, an Alabama prison inmate proceeding *pro se* and *in forma pauperis,* filed this action asserting claims under 42 U.S.C. § 1983, which has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R). After careful review of Burrell's initial complaint (Doc. 1) and his operative complaint (Docs. 7),[1] it is recommended that this action be dismissed without prejudice, prior to service of process, as malicious under 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1).

**I. Legal Standards for Screening a Complaint for Maliciousness.**

Because this action involves "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity[,]" the Court is required to screen this action under 28 U.S.C. § 1915A. Additionally, because Burrell sought and received leave to proceed *in forma pauperis*

---

[1] Because Burrell's initial complaint (Doc. 1) was not filed on court form as required by the local rules, see S.D. Ala. CivLR 9(c), he was ordered to file a new one on the Court's form, resulting in the operative complaint (Doc. 7).

(see Docs. 8, 9), his case is subject to dismissal "at any time" for any of the reasons provided in 28 U.S.C. § 1915(e)(2). Under both § 1915(e)(2) and § 1915A, an action must be dismissed if the court determines, *inter alia*, that a complaint is "malicious." 28 U.S.C. § 1915(e)(2)(B)(i); 28 U.S.C. § 1915A(b)(1).

An action is deemed malicious under § 1915(e)(2)(B)(i) and § 1915A(b)(1) when a prisoner plaintiff affirmatively misrepresents his prior litigation history on a complaint form requiring disclosure of such history and signs the complaint under penalty of perjury, as such a complaint is an abuse of the judicial process. *See Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998) (affirming the counting as a strike under 28 U.S.C. § 1915(g) an action that was dismissed for abuse of the legal process because the inmate lied under penalty of perjury about a prior lawsuit), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199, 215-17, 127 S. Ct. 910, 920, 166 L. Ed. 2d 798 (2007); *see also, e.g., Schmidt v. Navarro*, 576 F. App'x 897, 898-99 (11th Cir. 2014) (unpublished)[2] (affirming the finding that the action was malicious because the plaintiff abused the judicial process when he failed to disclose the existence of two prior federal actions in his complaint signed under penalty of perjury); *Sears v. Haas*, 509 F. App'x 935, 935–36 (11th Cir. 2013) (unpublished) (finding an action's dismissal without prejudice as malicious for abuse of the judicial process was warranted where, in a complaint signed under penalty of perjury, the inmate failed to disclose a case

---

[2] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11TH CIR. R. 36-2 (2005).

filed just five months before and another case filed six years earlier); *Jackson v. Florida Dep't of Corr.*, 491 F. App'x 129, 131-32 (11th Cir. 2012) (unpublished) (affirming the dismissal without prejudice of an inmate's action as malicious because he abused the judicial process when under penalty of perjury he avowed on the complaint form that he had no actions dismissed prior to service process even though he had one), *cert. denied*, 569 U.S. 960 (2013); *Redmon v. Lake Cty. Sheriff's Office*, 414 F. App'x 221, 223, 225-26 (11th Cir. 2011) (unpublished) (affirming the dismissal without prejudice of the inmate's action that was found to be abusive when he filed a complaint signed under penalty of perjury and did not disclose a prior lawsuit relating to his imprisonment or conditions of imprisonment as required by the complaint form); *Shelton v. Rohrs*, 406 F. App'x 340, 340 (11th Cir. 2010) (unpublished) (affirming the dismissal without prejudice of the inmate's complaint under § 1915(e)(2)(B)(i) for abuse of the judicial process after he checked "no" to the complaint form's question asking if he had filed other actions in state or federal court because he had filed four actions); *Pinson v. Grimes*, 391 F. App'x 797, 799 (11th Cir.) (unpublished) (relying, on *Rivera*, the Eleventh Circuit affirmed the determination of an abuse of the judicial process and the issuance of a strike when the prisoner had listed only two prior cases even though he filed two other federal cases within the preceding month), *cert. denied*, 562 U.S. 1013 (2010).[3]

---

[3] Furthermore, in *Perry v. Locklear*, 2019 WL 2240535 (11th Cir. May 14, 2019) (not reported in the Fed. Rptr.), and *Nunnally v. Timothy,* 2019 WL 360068 (11th Cir. Jan. 15, 2019) (not reported in the Fed. Rptr.), the Eleventh Circuit denied each prisoner plaintiff leave to proceed *in forma pauperis* because the appeal of the district court's dismissal of each plaintiff's action for abusing the judicial process was frivolous. In

When an action is dismissed without prejudice as malicious, the Court must consider whether the action may be re-filed. *Schmidt*, 576 F. App'x at 899. When the statute of limitations has expired, a dismissal without prejudice is tantamount to a dismissal with prejudice because the plaintiff will be unable to re-file his action, and the court should then consider lesser sanctions. *Stephenson v. Warden*, 554 F. App'x 835, 838 (11th Cir. 2014) (unpublished); *Hines v. Thomas*, 604 F. App'x 796, 800 (11th Cir. 2015) (unpublished). In Alabama, the statute of limitations for filing a § 1983 action is two years. *Lufkin v. McCallum,* 956 F.2d 1104, 1105, 1108 n.2 (11th Cir.), *cert. denied,* 506 U.S. 917 (1992); ALA. CODE § 6-2-38(l).

## II. Analysis.

Both Burrell's initial complaint (Doc. 1) and his operative complaint (Doc. 7) were written on forms and signed by Burrell under penalty of perjury. In both complaints, Burrrell responded "no" to the complaints' form questions asking if he had "filed any other lawsuits in state or federal court dealing with the same or similar facts involved in this action," and "yes" to the complaint form's question asking if he had "filed other lawsuits in state or federal court relating to your imprisonment." (Doc. 1, PageID.2; Doc. 7, PageID.45). If he responded with "yes" to either question, the form complaints directed him to "describe each lawsuit in the space below[,]" and to use additional paper if necessary to describe multiple lawsuits. (*Id.*). In both complaints, Burrell listed a single case, *Burrell v. Mohammed Jenkins*, N.D. Ala.

---

each instance, the district court had found the inmate made misrepresentations to the court when he did not disclose prior lawsuits when required.

Case No. 2:15-00977-AKK-TMP, that concluded by means of a settlement agreement in October 30, 2017. (Doc. 1, PageID.2-3; Doc. 7, PageID.45). Burrell did not list any other cases on additional sheets of paper.

The Court, in screening the complaint under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, discovered in its examination of PACER (Public Access to Court Electronic Records)[4] that Burrell did not advise the Court of his prior, non-habeas actions concerning his imprisonment filed in the U.S. District Court for the Northern District of Alabama, namely: *Burrell v. Mike Hale, Sheriff of Jefferson County, et al.,* N.D. Ala. Case No. 2:11-cv-02726-LSC (filed *pro se* July 2011 but subsequently obtained counsel, voluntarily dismissed without prejudice by plaintiff on Jan. 20, 2012), and *Burrell v. Mike Hale, et al.,* N.D. Ala. Case No. 2:13-00589-LSC-TMP (filed *pro se* March 2013, dismissed under 28 U.S.C. § 1915A(b)(1) and/or (2) on June 25, 2014).

The Court's complaint form requests information about prior actions from a prisoner plaintiff to assist it in determining if the prisoner is barred under 28 U.S.C. § 1915(g) (the "three-strikes" rule), if the action is connected to another action, and if the plaintiff is familiar with litigating his claims. *See Doctor v. Nichols*, 2015 WL 5546397, at *3 (N.D. Fla. 2015) (unpublished). When the prisoner fails to provide information about all his prior actions on the complaint form, the Court is deprived of this knowledge to assist it in handling the prisoner's action, which causes the Court

---

[4] The Court takes judicial notice of other federal courts' case records accessed through U.S. Party/Case Index, PACER Service Center, available at *http://pacer.psc.uscourts.gov*. *See U.S. ex rel. Osheroff v. Humana Inc.*, 776 F.3d 805, 811 n.4 (11th Cir. 2015) ("Courts may take judicial notice of publicly filed documents," such as court dockets.)

to expend more resources and time. *Id.*

Furthermore, the judicial system is structured so that when a plaintiff files a civil action, he certifies to the court that his signed pleading, filing, or other paper "to the best of [his] knowledge, information and belief, formed after an inquiry . . . is not being presented for any improper purpose . . . and the factual contentions have evidentiary support. . . ." FED. R. CIV. P. 11(a) & (b)(1) & (2). The purpose of Rule 11 is to impress on the signer his personal responsibility of validating "the truth and legal reasonableness of the document" he is filing, which assists in conserving the court system's resources and in avoiding unnecessary proceedings. *Business Guides, Inc. v. Chromatic Commc'ns Enters., Inc.,* 498 U.S. 533, 543, 547, 111 S.Ct. 922, 929, 931, 112 L.Ed.2d 1140 (1991).

Here, Burrell twice represented under penalty of perjury that he had only filed one prior lawsuit related to his incarceration. Because Burrell was not truthful in his complaints about his prior litigation, his action is subject to being dismissed as malicious for abusing the judicial process. The only reason the undersigned would not recommend this action's dismissal without prejudice is if the present action could not be re-filed because the two-year statute of limitations for § 1983 actions in Alabama had expired.

Burrell alleges that the complained-of actions occurred on January 16, 2020 (see Doc. 1, PageID.3; Doc. 7, PageID.46), and his claims are related to his alleged misclassification as a risk under the Prison Rape Elimination Act. Accordingly he will be able to re-file his § 1983 and state law claims before the two-year statute of

limitations expires if he elects to do so. Because this action can be re-filed, this action is due to be dismissed without prejudice as malicious.

### III. Conclusion.

Based upon the foregoing reasons, it is recommended that this action be dismissed without prejudice, prior to service of process, as malicious under 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1), and that all of Burrell's pending motions therefore be found moot.

**DONE** this 25th day of September 2020.

/s/ *Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.